United States District Court
Southern District of Texas
**ENTERED**
November 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEIETRA BOLDEN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3161 |
| | § | |
| **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,** | § § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

**ON THIS DAY** the Court considered Plaintiff Deietra Bolden's ("Plaintiff") Application to Proceed In Forma Pauperis.[1] (ECF No. 3).

The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person[2]] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

[2] "Although the statute explicitly refers to 'prisoners,' it is properly applied in rulings on both prisoner and nonprisoner *in forma pauperis* motions." *United States v. Tacker*, No. 09-cr-CR-040, 2016 WL 9242191, at *1 (N.D. Miss. Apr. 25, 2016).

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Plaintiff has failed to show that she is a person entitled to proceed without the payment of the $405 filing fee. Her application to proceed *in forma pauperis* establishes that she is presently employed earning a gross salary of $84,677.00, and paid $2,363 every two weeks. (ECF No. 3 at 1). She also states she owns at 2012 Dodge Durango but does not list the estimated value of the vehicle as required. (*Id.*). Lastly, she states her monthly expenses total approximately $2,337.00. (*Id.* at 2). Plaintiff does not state whether she has any dependents or any debts or financial obligations. (*Id.*). Under these

circumstances, the Court finds that Plaintiff will not suffer undue financial hardship by paying the filing fee.

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 3) be **DENIED**. Should this recommendation be adopted, the Court **ORDERS** Plaintiff pay the filing fee for this case within fourteen (14) days of the adoption. If Plaintiff fails to comply, the Court will recommend the case be dismissed without prejudice. *See Lombard v. Schober*, No. 4:22-cv-785, 2022 WL 14170361, at *2 (N.D. Tex. Oct. 6, 2022), *report and recommendation adopted*, No. 4:22-cv-785, 2022 WL 14198690 (N.D. Tex. Oct. 24, 2022).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on November 13, 2025.

  Richard W. Bennett
  United States Magistrate Judge